**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DONNA HEANEY,<br><br>    Plaintiff,<br><br>    v.<br><br>NJ DEPARTMENT OF CORRECTIONS,<br>et al.,<br><br>    Defendants. | Civil Action No. 10-3027 (MLC)<br><br>**O P I N I O N** |

**APPEARANCES**:

Donna Heaney, Pro Se, 645181
Monmouth County Correctional Institution
1 Waterworks Road, Freehold, NJ 07728

**COOPER, District Judge**

Plaintiff, a state prisoner confined at the Monmouth County Correctional Institution ("MCCI"), Freehold, New Jersey, brings this civil action alleging violations of her constitutional rights.  She has applied to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915.  The Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the following reasons, the complaint will be dismissed.

## BACKGROUND

Plaintiff states that she was sentenced on September 11, 2009, to three-years "flat."  On September 22, 2009, she expected to be transferred to the Edna Mahan Correctional Facility ("EMCF"),

which is the only state facility to house women.  But her transfer has been put on hold, and she has been in MCCI since sentencing.  Plaintiff complains that in MCCI she is unable to move around as she would at EMCF, unable to take college courses, and visitation periods are shorter than they would be at EMCF.  She states there is no reduced custody at MCCI, and that evaluations that would be done at EMCF right away were not done at the county level, and that she had to pay an attorney to get these things accomplished in the county.  She claims that there is no counseling at the county level, and that her library time is limited.  She has been attempting to get some type of community release or work release, through defendant Rogers, with no success.

Plaintiff asserts that defendant Hauck, EMCF Superintendent, is refusing to transfer her because Plaintiff's husband was a Captain in the Department of Corrections who retired in 2007.  He had worked at EMCF for six months in 2003-2004.  Plaintiff states that defendant Hauck claims that Plaintiff's husband wrote an email after he retired that defendant Hauck "did not approve of."

Plaintiff does not specify the relief she seeks.

## DISCUSSION

**A.   Standard of Review**

A district court must review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required

to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  This action is subject to sua sponte screening for dismissal under both 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, because plaintiff is a prisoner and proceeding as an indigent.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)); see also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

The standard for summary dismissal of a complaint that fails to state a claim is in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).  The Court examined Federal Rule of Civil Procedure 8(a)(2), which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).[1]  Citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'"

---

[1] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required." Fed. R. Civ. P. 8(d).

3

Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  See id. at 1948.  Iqbal emphasizes that a plaintiff must demonstrate that the allegations of the complaint are plausible.  See id. at 1949-50; see also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009).

**B.   Section 1983 Claims**

To state a claim under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.   Plaintiff's Claims Must Be Dismissed.**

Plaintiff's claims against the New Jersey Department of Corrections ("NJDOC") must be dismissed, as it is not a "person" for purposes of § 1983 litigation.  See Grabow v. S. State Corr. Fac., 726 F. Supp. 537, 538-39 (D.N.J. 1989) (NJDOC and state prison facilities are not "persons" under § 1983).  Also, NJDOC is immune from suit under the Eleventh Amendment, which protects

4

states and their agencies and departments from suit in federal court regardless of the type of relief sought.  See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984).

Plaintiff, as a convicted state prisoner, also does not have a constitutional right to the housing facility of her choice.  An inmate does not have a liberty interest in assignment to a particular institution or security classification, so long as the conditions and degree of the inmate's confinement fall within the sentence imposed and do not otherwise violate the Constitution. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Montayne v. Haymes, 427 U.S. 236, 243 (1976); Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (noting classification and eligibility for rehabilitative programs in federal prison system are matters delegated by Congress to "full discretion" of federal prison officials and thus implicate "no legitimate statutory or constitutional entitlement sufficient to invoke due process"); Wesson v. Atl. Cnty. Jail Fac., 2008 WL 5062028, *6 (D.N.J. Nov. 26, 2008) (stating inmate has no liberty interest in particular custody level or place of confinement); see also Sandin v. Connor, 515 U.S. 472, 484-86 (1995) (holding that liberty interest is implicated only where action creates "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or creates "major disruption in his environment"); Ky. Dep't of Corrs. v. Thompson,

490 U.S. 454, 463 (1989) (holding liberty interest arises only where statute or regulation uses "explicitly mandatory language" that instructs decision-maker to reach specific result if certain criteria are met); see also Marti v. Nash, 227 Fed.Appx. 148, 150 (3d Cir. 2007) (inmate has no due process right to any particular security classification); Day v. Nash, 191 Fed.Appx. 137, 139-40 (3d Cir. 2006) (upholding application of public safety factor to inmate's custody classification which prevented inmate's placement in a minimum security camp).

From the facts asserted in the complaint, it does not appear that Plaintiff's placement in MCCI bestows conditions that are unconstitutional.  Although Plaintiff makes reference to limited library time and visitation time, she only pleads that these rights are limited, not that she is deprived of her rights.  Nor has Plaintiff shown "actual injury" as to her library claim.  See Lewis v. Casey, 518 U.S. 343, 348-51, 354-55 (1996); Oliver v. Fauver, 118 F.3d 175, 177-78 (3d Cir. 1997).  Plaintiff has not alleged facts indicating that the counseling she seeks from EMCF is medical in nature, in order to construe her claim as alleging a violation of her right to medical care.  As such, a review of the complaint reveals that Plaintiff has not alleged a violation of her constitutional rights while housed at MCCI.

Therefore, Plaintiff's complaint fails to state a claim upon which relief may be granted, under 28 U.S.C. § 1915(e)(2)(B)(ii) or § 1915A(b)(1), and the complaint must be dismissed.

**CONCLUSION**

Based on the foregoing, the complaint must be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Despite the above-explained shortcomings in the complaint, Plaintiff may move to amend the complaint, attaching to any such motion a proposed amended complaint, which addresses the deficiencies as outlined above.  Plaintiff, however, should refrain from asserting any further claims against NJDOC, as those claims in the complaint are dismissed with prejudice.  The Court will issue an appropriate order and judgment.

                                              s/ Mary L. Cooper
                                              **MARY L. COOPER**
                                              United States District Judge

Dated:  December 8, 2010